By the Court.—Sedgwick, J.
The plaintiff cannot recover, without showing that the defendants agreed to give him some space in their exhibition rooms, wherein to show his wares. There must be proof as to the quantity of space agreed upon. The size of the space is an essential term of the contract, and if there were no common assent tp that, there is in fact no contract, or it may be said, that if it be conceded there was a contract, its uncertainty as to what the defendants were to give the plaintiff, makes it incapable of enforcement (Brown v. N. Y. Central R. R., 44 N. Y. 79; Foot v. Webb, 59 Barb. 39; 2 Parsons on Contracts, 5th ed. note e to p. 557).
In the view we take of the case, it is unnecessary to look generally for a consideration, or to inquire in particular whether there was any implied request that the plaintiff should fit his wares for exhibition, the defendant promising that if he did so, space would be given, unless the articles offered were not suitable for a fair of the kind. There certainly was no independent request that the defendant should go to expense.
The prospectus of the defendant, inclosing, it is probable, the blanks for applications to be filled in and signed by. manufacturers and others, did not promise to give the spaces to be specified by the applicants. There was no proof that after the plaintiff’s application was sent in, the defendant ever did or said anything which was a promise to give the space the plaintiff stated in the application that he called for. On the contrary, there was, on the plaintiff’s construction of the evidence, a refusal to give any space. On the margin- of the blank which was filled up, the following was printed: “ Space. The managers do not agree to allot any special amount of room, until the articles for which space has been desired', are within the building.” That meant no more than that there was no particular quantity of space agreed upon then, *341 or to be agreed upon at all, until the articles were within the building. If this was an agreement at all, it was, in the language quoted by Brown v. New York Central R. R. Co. “an agreement to enter into an agreement upon terms to be afterwards settled between the parties,” and this was said to be a contradiction in terms.
This statement upon the blank was a notice, that in the discretion of the managers, a part of the articles might not go into the exhibition, and that the space allotted might be so small that the applicant would not wish to exhibit anything, and the applicant could not have thought that the defendant requested him to go, to expense, on its account, in such a contingency.
It is clear that the making of the agreement, as to space, was to be postponed until a future time, and the proof shows that no agreement was made in the future. There being no agreement, the plaintiff cannot recover damages for being excluded from a space to occupy which he shows no right.
Still further, the plaintiff knew from the terms and conditions printed on the application that the defendant entertained the purpose of admitting articles after the fair was opened, on payment of a certain fee. In the nature of things, as plaintiff knew, the applications for space, before the opening of the fair, might call for a greater area than the defendant’s rooms furnished. At least, the plaintiff’s right, if he had any, was not superior to the defendant’s right to regard all these things, and the exercise of discretion and judgment as to them by defendant was contemplated by the circumstances of the case. Therefore, the mere fact that after the fair was opened, there was empty space, in which the plaintiff’s articles might have been placed, did not show that the defendant did not give to the plaintiff, -all that was held out as an inducement to make an ap *342 plication, namely the exercise of the best judgment of the defendant under the circumstances of the case.
The judgment appealed from should be affirmed, with costs.
Speir, J., concurred.